UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Immer Eliazar Guevara-Ramos,                              Case No. 4:25-cv-01170

    Petitioner,

 v.                                                   MEMORANDUM OPINION
                                                          AND ORDER

U.S. District of Georgia,

    Respondent.


 *Pro se* petitioner Immer Eliazar Guevara-Ramos, a federal inmate currently incarcerated at FCI Elkton, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1). For the reasons stated below, I find the petition must be dismissed.

 Petitioner filed this very brief habeas petition challenging the Bureau of Prisons' calculation of his jail time credit. Petitioner states that he was in federal custody from February 27, 2020, until June 17, 2020. (*Id.* at 6). Thereafter, he "went to the state to finish time," and he was returned to federal custody from August 31, 2020, until April 15, 2022. (*Id.*). Petitioner asserts that he earned 23 ½ months of jail time credit while awaiting his sentence, but he has not received this credit, despite his counsel's assurances that the credit would be applied. (*Id.* at 5). According to the petition, Petitioner did not file any appeals concerning his jail time credit.

 Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)).

Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But a court may dismiss the petition at any time, or make any such disposition "'as law and justice require,'" if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243).

The responsibility for computing sentences and applying sentencing credits lies with the Bureau of Prisons ("BOP"). *Powell v. Hanson*, No. 4:15-CV-408, 2016 WL 1244922, at *4 (N.D. Ohio Mar. 30, 2016) (citing *United States v. Wells,* 473 F.3d 640, 645 (6th Cir. 2007)). Before seeking habeas relief under § 2241, a prisoner must fully exhaust his administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006)). Exhaustion serves two important functions: (1) it protects administrative agency authority, by providing the agency an opportunity to correct its own mistakes before being haled into federal court; and (2) it promotes efficiency, by providing a means to resolve claims more quickly and economically before an agency rather than in litigation in federal court. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (internal citations and quotation marks omitted). *See also Fazzini*, 473 F.3d at 232.

To exhaust administrative remedies, a federal prisoner must proceed through the following steps: (1) attempt informal resolution with prison staff; (2) if the prisoner achieves no satisfaction informally, he must then file a written complaint with the warden; (3) followed by an appeal to the regional director of the federal BOP; and finally; (4) if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel. *See* 28 CFR §§ 542.10-16; *Chastain v. Williams*, No. 4:20-CV-01036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020). An administrative appeal is not

2

fully exhausted until the BOP's Central Office reaches a decision on the merits.  28 C.F.R. §
542.15(a).  "[A]n inmate cannot simply fail to file a grievance or abandon the process before
completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th
Cir. 1999) (citation omitted).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas
review.  *Fazzini*, 473 F.3d at 232.  In rare cases, however, where state remedies are inadequate or
futile, or where exhaustion would result in irreparable harm, exhaustion of administrative remedies is
not required.  *See McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992), superseded by statute, 42 U.S.C.
§ 1997e(a)).  *See also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982) (stating that exhaustion should only
be excused "in rare cases where exceptional circumstances of peculiar urgency are shown to exist")
(citation and internal quotation marks omitted).

Here, there is no suggestion in the petition that Petitioner has exhausted his administrative
remedies.  In fact, Petitioner indicates that he did not appeal the decision, file a grievance, or seek an
administrative remedy.  (*See* Doc. No. 1 at 2).  Nor has Petitioner alleged that exhaustion would be
inadequate or futile or that exhaustion would result in irreparable harm.

Accordingly, I deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2241 and I dismiss this action without prejudice pursuant to 28 U.S.C. § 2243.  Further, I certify,
pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good
faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3